IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY BOOKER, ET AL., | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-507-M-BK |
| | § | |
| CARRINGTON MORTGAGE SERVICES, | § | |
| DEFENDANT. | § | |

### AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, this cause came before the undersigned for findings and recommendations on Defendant's *Motion to Dismiss*, Doc. 5. On October 5, 2018, the undersigned recommended that the action be dismissed without prejudice for lack of prosecution and failure to abide by a court order. Doc. 7. Upon consideration of Defendant's objections, which seek a dismissal with prejudice, this amended recommendation is issued.

On February 5, 2018, Plaintiffs filed in state court an *Ex Parte Application and Verified Petition for Temporary Restraining Order and Temporary Injunction*, seeking to forestall Defendant's foreclosure of their home and alleging violations of various state and federal statutes. Doc. 1-2 at 2-6. Defendant removed the case to this Court based on federal question jurisdiction. Doc. 1 at 2. Upon filing of the notice of removal, the court clerk issued a *Notice and Instruction to Pro Se Party*, which directed Plaintiffs' attention to the Northern District of Texas' local rule requirement that they register as a CM/ECF user within 14 days. Doc. 4. Plaintiffs wholly ignored this instruction.

Defendant filed its dismissal motion on April 2, 2018. Doc. 5. When Plaintiffs failed to file a response, the Court issued an order on May 30, 2018, ordering them to respond to Defendant's

*Motion to Dismiss* by June 18, 2018 if they were opposed to the dismissal of their case.  Doc. 6.  Plaintiffs did not comply with the order.  On October 5, 2018, this Court recommended that the action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.  Doc. 7.  Plaintiffs did not file objections to the Court's recommendation despite being given explicit notice regarding how to do so.  Defendant did file an objection, requesting that the case be dismissed with prejudice.  Upon consideration, the Court finds that Defendant's position is well-taken.[1]

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure.  This authority is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962).  A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, the court also must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional misconduct.  *Id.*

In this case, Plaintiffs have evidenced a clear record of contumacious conduct and purposeful delay.  They have ignored both the Local Civil Rules' CM/ECF registration requirement as well as the Court's order directing them to respond to Defendant's dismissal motion.  The Court's order explicitly warned Plaintiffs that their failure to respond could result in the dismissal of their case

---

[1] By way of background, it is noted that this case is Plaintiffs' second attempt in 16 months to avoid foreclosure.  *See Booker v. Bank of Am., NA*, No. 3:16-CV-02871-C-BH, Doc. 1-1 at 7 (Booker's *Original Petition* filed in state court).  In a pattern that is now becoming familiar, after Defendant Bank of America removed the case to this court, Mr. Booker filed not a single pleading, nor did he respond to the defendant's dismissal motion despite being invited to do so nor did he object to the magistrate judge's recommendation that his case be dismissed.  The Court dismissed the action with prejudice after Mr. Booker failed to file an amended complaint despite being given permission to do so by the magistrate judge.  *Id.* at Doc. 15.

2

without further notice. Plaintiffs' case has been pending in this Court for nearly eight months, and they have yet to file a single document. Altogether, Plaintiffs have ignored this lawsuit and the Court's directives. Since Plaintiffs are proceeding *pro se*, the delay caused by their refusal is attributable to them alone. *See Berry*, 975 F.2d at 1191. In light of Plaintiffs' intentional failure to respond to the Court's directives and apparent lack of interest in their own case, the Court finds that the imposition of a lesser sanction of dismissal without prejudice will not prompt diligent prosecution of Plaintiffs' claims. *Id.* Accordingly, the Court should exercise its discretion to dismiss Plaintiffs' claims with prejudice under Rule 41(b).

**SO RECOMMENDED** on October 26, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).